UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| US BANK N.A., et al.,<br><br>              Plaintiff,<br><br>    v.<br><br>CAMPBELL, et al.,<br><br>              Defendant. | Case No.  13-cv-04872-BLF<br><br>**ORDER AFFIRMING BANKRUPCY COURT'S ORDER ON DEBTOR'S MOTION TO VALUE**<br><br>Re: Dkt. No. 1 |

Before the Court is Plaintiff-Appellant's appeal from the bankruptcy court's Order on Debtor's Motion to Value Real Property. The question before the bankruptcy court was whether, at the time Debtor (who is also the Defendant) filed for bankruptcy, her primary residence was a home at Skyview Drive in Seaside, California. This determination had been requested by Defendant-Debtor as a prerequisite to submitting a reorganization plan under Chapter 11 of the Bankruptcy Code which would include a re-valuation of the Skyview Drive property in order to reduce her secured indebtedness. Under the Code, such a course of action would only be proper if the Skyview Drive property was not Defendant's primary residence at the date she filed the bankruptcy petition.

After reviewing the evidence, including testimony from the Defendant and two witnesses, the bankruptcy court granted Debtor's Motion, finding that Defendant's primary residence was not the Skyview Drive property, but instead was a residence she shared with her boyfriend, Ted Thorsted, on Rolling Meadows Drive in Salinas, California. Plaintiff-Appellant timely brings this appeal, the sole issue of which is whether the bankruptcy court erred in granting Appellee's Motion to Value. After reviewing the briefing and record, the Court AFFIRMS the bankruptcy court's Order.

United States District Court
Northern District of California

## I.    Procedural History

The record in this case establishes that Defendant-Appellee filed for relief under Chapter 13 of the Bankruptcy Code on November 16, 2012. Thereafter, on March 5, 2013, Defendant's bankruptcy was converted to a Chapter 11 when Defendant determined that she had exceeded the debt ceiling limits for filing under Chapter 13 as established under Bankruptcy Code § 109(e).

On April 4, 2013, Defendant filed the Motion to Value Real Property at issue in this appeal. Defendant sought to "cram down" Appellant's lien on the Skyview Drive property. In the Motion to Value, Defendant stated that Skyview Drive was not her primary residence, and that instead she resided at the Rolling Meadows property in Salinas, California. However, in prior papers submitted to the bankruptcy court in this action which defendant executed under penalty of perjury, including her 2011 tax returns, Defendant had listed the Skyview Drive property as her "residence" or "home." (ECF 3, Attachment 2, DR 3-2 at 11). The task of the bankruptcy court below was to weigh this evidence and the corresponding (and occasionally conflicting) testimony in order to make a determination as to whether Defendant, on November 16, 2012, the date on which she filed her original petition for relief,[1] maintained her primary residence at Skyview Drive.

Based on the evidence submitted at the hearing, the bankruptcy court found "with some difficulty" that Skyview Drive was not the Defendant's primary residence. (Order After Hearing, ECF 3, DR 3-3 at 74) The bankruptcy court placed great weight on the testimony of Defendant Campbell and her two witnesses, each of whom testified that the Defendant did not reside at Skyview Drive on November 16, 2012. (*Id.* at 72-73) The bankruptcy court found that the oral testimony offered at the hearing was more persuasive than the written documentation stating that Defendant "resided" at Skyview Drive.

The bankruptcy court accepted as true Defendant's testimony that although she did claim Skyview Drive as her residence on several documents, including her bankruptcy petition, the

---

[1] Defendant's conversion from Chapter 13 to Chapter 11 does not alter the date on which the bankruptcy court needed to make a primary residence determination. *See* Order After Hearing, ECF 3, Attachment 3, DR 3-3 at 71 (citing Bankruptcy Code § 348).

reason she did not disclose her *actual* primary residence on those documents was "because of her reluctance to publicize her live-in relationship with Thorsted," who in addition to being her boyfriend was also her boss. (*Id.* at 73)

Ultimately, the bankruptcy court found that Campbell and her supporting witnesses, Thorsted and Hedberg, were all "credible witnesses," (Order After Hearing, DR 3-3 at 74-75), though it recognized "the reasons why the witnesses would testify as they did – Campbell gets, perhaps, to retain her long-time property, Thorsted supports his girlfriend, and Hedberg retains his own rental residence." (*Id.* at 75) The bankruptcy court recognized that "Campbell's false statements may have significant consequences at some future date," (*id.*), but found that, even if it discounted Campbell's testimony completely, "it still ha[d] the credible testimony of two other witnesses." (*Id.*) Further, the bankruptcy court explained some of Campbell's prior statements that the Skyview Drive property was her "home" or "address" on the fact that she owned the property and resided there for a number of years. These terminology differences, coupled with Campbell's denials that the Skyview Drive property was her "residence" in discovery responses, convinced the bankruptcy court that Defendant had met her burden to prove the Skyview Drive property was not her principal residence, and instead that she had resided at the Rolling Meadows property on the date on which she filed her bankruptcy petition. The bankruptcy court then granted the Motion to Value.

## II.     Jurisdiction

Appellant filed a timely notice of appeal on October 18, 2013. This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b). Under Federal Rule of Bankruptcy Procedure 8001(e), the Appellant elected to have its appeal heard by the district court, rather than consenting to the jurisdiction of the Bankruptcy Appellate Panel (BAP) of the Northern District of California. The sole question before this Court is whether the bankruptcy court erred in determining that the Defendant-Appellee's principal residence was the Skyview Drive property.

## III.    Standard of Review

District courts employ the same standard of review of bankruptcy court decisions as do circuit courts in reviewing the decisions of the district court. *See, e.g.*, *Ford v. Baroff (In re*

1    *Baroff*), 105 F.3d 439, 441 (9th Cir. 1997). Findings of fact are reviewed for clear error. *See, e.g.*,

2    *Diamant v. Kasparian (In re Southern Cal Plastics, Inc.)*, 165 F.3d 1243, 1245 (9th Cir. 1999), *see*

3    *also In re Jan Weilert RV, Inc.*, 315 F.3d 1192, 1196 (9th Cir. 2003) ("This court must accept the

4    bankruptcy court's findings of fact unless upon review we are left with the definite and firm

5    conviction that a mistake has been committed."). Conclusions of law are reviewed *de novo*. *Id.*,

6    *see also Montco, Inc. v. Glatzer (In re Emergency Beacon Corp.)*, 665 F.2d 36, 40 (2d Cir. 1981)

7    ("While this court is obliged to accept the bankruptcy court's findings of fact unless clearly

8    erroneous, it is not required to accept its conclusions as to the legal effect of those findings.").

9         The parties disagree as to the standard of review this Court should employ in this case.

10   Appellant insists that the bankruptcy court's order is subject to *de novo* review, because "the trial

11   court improperly applied the facts to the law and granted the Motion to Value . . . ." (Appellant's

12   Opening Brief ("Brief") at 22) Defendant states that Appellant takes issue only with the factual

13   findings and credibility determinations made by the bankruptcy court during the evidentiary

14   hearing, and that Appellant fails to identify any legal error in the bankruptcy court's opinion. As

15   such, Defendant asks the Court to review the bankruptcy court's findings for clear error.

16        The Court agrees with Defendant. The sole issue raised on appeal is an attack on the

17   factual findings of the bankruptcy court on the question of what the Debtor's principal residence

18   was at the time she filed her petition.[2] In order to rule on the Motion, the bankruptcy court was

19   required to weigh the evidence and make a credibility determination as to the testimony of

20   witnesses. *De novo* review is not the proper standard of review.

21        The Court finds that the "clear error" standard of review applies to the issue raised on this

22   appeal. *See* Fed. R. Bankr. P. 8013. Under that standard, the Court will not disturb a factual

---

[2] Appellant's citations to cases defining "principal residence," and in particular one out-of-district case, *State Farm Ins. Co. v. Lange*, that articulates a nine-factor test for how to determine principal residence, are therefore inapposite to this appeal – the bankruptcy court adopted a "common sense" definition of the phrase from a district court within this Circuit, (Order After Hearing, DR 3-3 at 74 (citing *In re Schayes*, 483 B.R. 209 (Bankr. D. Ariz. 2012)), and Appellant identified no *legal* error made by the bankruptcy court in adopting this test. Appellant merely takes issue for the factual determination the bankruptcy court made as required in applying this definition to the facts at hand.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  determination made after an evidentiary hearing unless, after an entire review of the evidence, it

2  "is left with the definite and firm conviction that a mistake has been committed." *United States v.*

3  *United States Gypsum*, 333 U.S. 364, 395 (1948). Moreover, on appeal, so long as the bankruptcy

4  court's account of the evidence is plausible in light of the record viewed in its entirety, this Court

5  may not reverse the decision even if it would have weighed that evidence differently had it been

6  sitting as the trier of fact. *See Anderson v. City of Bessemer*, 470 U.S. 564, 575 (1985).

7      **IV.**    **Analysis**

8      Plaintiff-Appellant makes two arguments in its appeal: first, that the bankruptcy court erred

9  in granting the Motion to Value because there was insufficient evidence to support the ruling, and

10  second, that it was clear error to find that Defendant's personal testimony was truthful. The Court

11  finds both arguments unpersuasive.

12      ***1.***    ***The Bankruptcy Court Did Not Commit Error in Granting the Motion to***

13      ***Value.***

14      On appeal, the district court gives substantial deference to the credibility determinations

15  made by the bankruptcy court. "When factual findings are based on determinations regarding the

16  credibility of witnesses, [the court] gives great deference to the bankruptcy court's findings . . . ."

17  *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010).

18      Plaintiff-Appellant repeatedly insists, in its opening brief and reply, that "there are no

19  findings of fact that support the Court's conclusions" that Defendant's primary residence was not

20  the Skyview Drive property. (Brief at 20) Appellant further argues that there are "no facts"

21  supporting the bankruptcy court's determinations. To support this argument, Appellant claims that

22  Defendant "changed her story on numerous occasions," (*id.* at 23), and that the written evidence

23  presented to the bankruptcy court, including nine documents, (*id.* at 5-6), and nine statements or

24  omissions in responses to discovery, (*id.* at 6-9), showed that Defendant resided at Skyview Drive

25  and not the Rolling Meadows property.

26      Contrary to these arguments, the Order After Hearing is based on numerous factual

27  determinations supporting the conclusion that the Skyview Drive property was not Defendant's

28  primary residence on the date in question.

5

United States District Court
Northern District of California

1       The record reveals ample facts supporting the bankruptcy court's determination. The

2   bankruptcy court had the testimony of three witnesses, all of whom it ultimately found credible

3   after weighing their testimony against the conflicting written evidence and considering any

4   possible bias they may have had in favor of Defendant. (Order After Hearing, DR 3-3, at 74

5   ("After weighing the evidence and the credibility of the witnesses, this court concludes that the

6   witnesses testified truthfully at trial . . . .")). The record shows that Mr. Hedberg, Defendant's son,

7   testified that Defendant had moved out of the Skyview Drive property in December 2010, at which

8   point he himself had moved in, and that she had not resided there since that date.  Mr. Thorsted's

9   testimony painted a consistent picture with this timeline, stating that Defendant had moved onto

10  his property at Rolling Meadows in December 2010 or January 2011, and that because they were

11  in a relationship he could personally vouch for her whereabouts such that he was sure she had

12  resided there each night. The bankruptcy court also considered evidence that called into question

13  Thorsted's testimony, but the bankruptcy court ultimately found him credible.[3]

14      "When there are two reasonable views of the evidence, the factfinder's choice between

15  them cannot be clearly erroneous." *United States v. Elliott*, 322 F.3d 710, 715 (9th Cir. 2003).

16  Appellant's insistence that the bankruptcy court had "no facts" to support its findings is incorrect.

17  Appellant's disagreement with the choice so made by the bankruptcy court is not enough to merit

18  appellate *de novo* review of its determination. The Court finds no clear error on the part of the

19  bankruptcy court's finding that Defendant's principal residence was not the Skyview Drive

20  property.

21      **2.**   ***The Bankruptcy Court Did Not Commit Error in Finding Defendant to Be a***

22      ***Credible Witness at the Evidentiary Hearing.***

23      Plaintiff-Appellant's second argument is that the bankruptcy court committed clear error

24  by finding Defendant to be a truthful witness at the evidentiary hearing. (Brief at 27-30)

25  Appellant's argument reduces to the single claim that Defendant could not have been testifying

26

27  [3] This evidence took the form of a letter written by Mr. Thorsted that states that Ms. Campbell had "separate living quarters" on the property, calling into question his statement that they slept in the

28  same bed each night. (Order After Hearing, DR 3-3 at 74). However, Defendant testified that such statements were made out of a desire to keep their relationship secret. *Id.* at 73.

1    truthfully about her primary residence because she had made conflicting statements in prior

2    bankruptcy filings and discovery responses, and that Defendant crafted "an entirely new story" in

3    testimony before the bankruptcy court. (*Id.* at 10) Appellant cites to thirty-three examples of

4    testimonial statements made by Defendant that it believes prove her untruthfulness. (*Id.* at 10-16)

5          Appellant's argument fails for three reasons. First, it ignores the manner in which the

6    bankruptcy court, in its Order After Hearing, grappled with the discrepancies between Defendant's

7    prior written statements and her testimony at the hearing. (Order After Hearing, DR 3-3 at 74

8    ("This court is faced with the difficult task of determining which of [Defendant's] sworn

9    statements are true.")). The bankruptcy court ultimately found her testimony to be truthful, while

10   recognizing that her prior statements, if false, "may have significant consequences at some future

11   date." (*Id.* at 75) But, with all the facts presented before it, the bankruptcy court found her

12   credible.

13         This Court will not step into the shoes of the bankruptcy judge, who is entitled to

14   substantial deference in this credibility determination. As finder of fact, the bankruptcy court was

15   uniquely positioned to determine the credibility of witnesses, as it "had the opportunity to note

16   'variations in demeanor and tone of voice that bear so heavily on the listener's understanding of

17   and belief in what was said.'" *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010) (citing *Anderson v.

18   City of Bessemer*, 470 U.S. 564, 575 (1985)). This Court would not find it appropriate to second-

19   guess that factual determination, when reviewing for clear error, unless there was a complete

20   absence of evidence that would have permitted the bankruptcy court to make its factual finding.

21   Such a situation is not present in this appeal.

22         Second, Appellant's argument discounts entirely the bankruptcy court's explanation for the

23   possible discrepancies between the Defendant's paper filings and her testimony. The bankruptcy

24   court took notice that Defendant's outside statements often referred to Skyview Drive as

25   Defendant's "home" or "address," without using the term "principal residence" as defined in the

26   Bankruptcy Code. (Order After Hearing, DR 3-3 at 74-75) The bankruptcy court noted that

27   Defendant's "longtime ownership of and residence at Skyview explains this error," (*id.* at 75),

28   while further stating that Defendant denied in several discovery responses that Skyview Drive was

United States District Court
Northern District of California

7

her "principal residence." (*Id.*) The bankruptcy court below was convinced that these differences in terminology, coupled with Defendant's testimony at the hearing, adequately explained why Rolling Meadows and not Skyview Drive was her principal residence.

Third, and perhaps most critically, Appellant's argument disregards the bankruptcy court's statement that, even if it discounted Defendant's testimony in its entirety, it still had the testimony of two credible witnesses whose stories, which comported with Defendant's statements, the bankruptcy court found to be truthful. "[E]ven if this court *fully discounts* [Defendant's] testimony, it still has the credible testimony of two other witnesses." (Order After Hearing, DR 3-3 at 75) (emphasis added).

**V.     Conclusions**

Based on the foregoing, this Court AFFIRMS the bankruptcy court's Order on Debtor's Motion to Value. The bankruptcy court made sufficient factual determinations upon which it based its conclusions of law, and those factual findings were based on ample evidence found in the record. Plaintiff-Appellant has failed to demonstrate clear error by the bankruptcy court.

**IT IS SO ORDERED.**

Dated: May 19, 2014

BETH LABSON FREEMAN
United States District Judge